UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Bradley, | : | Case No. 1:07CV1246 |
| Petitioner | : | Judge John R. Adams |
| v. | : | Magistrate Judge David S. Perelman |
| David Bobby, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his May 27, 2004 conviction pursuant to a jury trial of one count of kidnapping, with a repeat violent offender specification,[1] upon which he is currently serving a sentence of ten years incarceration on the main count and an additional three years on the specification.

Petitioner, acting through new counsel, timely appealed his convictions to the Ohio Eleventh District Court of Appeals, alleging two assignments of error:

> I. The trial court erred, as a matter of law, by denying appellant's motion to dismiss based upon a clear violation of appellant's speedy trial rights.
>
> II. The appellant's conviction for kidnapping is against the manifest weight of the evidence.

On December 12, 2005 the appellate court affirmed the convictions and sentences imposed by the

---

[1] While he was tried by a jury on the kidnapping charge, petitioner waived a jury's consideration on the repeat violent offender specification.

1

trial court.

On January 24, 2006 petitioner appealed the state appellate court ruling to the Ohio Supreme Court alleging the following sole proposition of law:

> **Proposition of Law No. I:** A criminal defendant's right to speedy trial is not tolled by virtue of his failure to respond to the State's discovery request, where the record reveals that the State did not complain of such to the trial court, the trial court did not rely upon such in denying the Defendant's motion to dismiss and, in fact, the issue was never raised by the State in the Defendant's appeal concerning such.

On April 26, 2006 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On April 26, 2007 the petitioner filed the instant petition in which he raises the following six claims for relief:

> A. **GROUND ONE:** Bradley was deprived of his right to a fair trial when the State of Ohio instituted a criminal prosecution against Mr. Bradley before the State had acquired jurisdiction of the subject matter pursuant to the indictment of an offense by a Grand Jury, in contravention of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> B. **GROUND TWO:** Bradley was deprived of his right to a fair trial when upon review of his Direct Appeal as of right, the Ohio Eleventh District Court of Appeals affirmed Mr. Bradley's conviction using grounds not relied upon by the Trial Court to deny Mr. Bradley's Motion to Dismiss or the rationale in the State's brief to the Ohio 11th Dist. Appellate Court. The Appellate Court did not comply with due process of law pursuant to affirm Mr. Bradley's conviction, and misused the Ohio speedy trial delay statute to create a tolling event; in contravention of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> C. **GROUND THREE:** Bradley was deprived of a Fair trial when the State obtained Mr. Bradley's conviction pursuant to prosecutor

2

> Misconduct, in contravention of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The State withheld exculpatory discovery from the Defense and requested a continuance that delayed a trial date to secure discovery already in the State's possession. The prosecutor withheld information from the Trial Court and unlawfully manipulated the discovery procedure and the discovery tolling event to delay Mr. Bradley's trial date and proceedings, and to delay the Trial Court from rescheduling the March, 2, 2004, trial date in a timely manner.
>
> **D. GROUND FOUR:** Bradley was deprived of a fair trial when the trial Court denied Mr. Bradley's Motion to Dismiss, on speedy trial grounds, pursuant to actions by the State and the Trial Court that did not comply with due process of law, in contravention of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. The Trial Court delayed Mr. Bradley's trial date pursuant to the unlawful institution of a *sua sponte.* The State misused the Ohio speedy trial delay statute to create tolling events that delayed a trial date and continued the proceedings. The State instituted the procedure for the preparation of discovery and applied a tolling event for the State's offense and before Mr. Bradley's arraignment in common pleas court. The trial Court did not reschedule the March 8, 2004, trial date in a timely manner.
>
> **E. GROUND FIVE:** Bradley was deprived of a fair trial when Mr. Bradley's court appointed Trial Counsel did not provide effective assistance of counsel, in contravention of the Fifth, Sixth, and Fourteenth amendments of the United States Constitution.
>
> **F. GROUND SIX:** Bradley was denied a fair trial pursuant to ineffective assistance of Appellate Counsel when Appellate Counsel did not seek available remedy from the Appellate Court to advance Mr. Bradley's appeal to the Ohio Supreme Court. Appellate Counsel did not assert to actions in the trial court proceedings that are clear violation of Mr. Bradley's due process rights, in contravention of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Respondent has moved to dismiss the petition on the basis that petitioner has failed to exhaust in the state courts the issues raised in his fifth and sixth claims for relief in these proceedings, so that the petition must be viewed as a mixed petition.[2]

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights.  Granberry v. Greer, 481 U.S. 129, 133 (1987).  Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court.  Baldwin v. Reese, 541 U.S. 27 (2004);  Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995).  In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001).  Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004).  It is not enough to present the facts giving rise to the federal claim raised in habeas corpus;  a petitioner must present the same legal

---

[2]The motion does not address the substance of these two claims, nor the first four claims in any manner.

4

theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, supra at 162-63, citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). For example, use of the term "ineffective assistance" also fails to alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and where petitioner would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

In determining whether a state remedy exists, a criminal defendant who was represented by counsel at trial, then new counsel on direct appeal, may only raise claims under Ohio's post-conviction statute which could not have been raised on direct appeal, such as those which rely on evidence outside the record. Rust v. Zent, supra at 160; Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991). In other words, under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal by one who was represented by counsel would be barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978).

However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal. <u>Gray v. Netherland</u>, <u>supra</u> at 162; <u>Coleman v. Thompson</u>, 501 U.S. 722, 750-51 (1991); <u>Deitz v. Money</u>, 391 F.3d 84, 808 (6th Cir. 2004).

That aside, the respondent's position is premised on the notion that petitioner's fifth and sixth claims for relief are unexhausted by reason of the fact that a state court remedy still exists, being a delayed application to reopen the appeal under Rule 26(B)(1) of the Ohio Rules of Civil Procedure, which states:

> (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of **appellate counsel**. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

(Emphasis added.)

In his fifth claim for relief petitioner argues that his trial counsel's representation was constitutionally ineffective, a claim which was not raised before any state court. Clearly, respondent's contention as regards the availability of a delayed application to reopen for the fifth claim for relief is inaccurate as in this particular claim he asserts the ineffective assistance of trial, and not appellate, counsel. Furthermore, having failed to raise this claim on direct appeal, where he was represented by new counsel, under the foregoing authorities it would be barred from being raised in either a delayed appeal or in a petition for post-conviction relief. Therefore, petitioner could only succeed in having this Court consider his claim if he demonstrated cause for failure to fairly present the claims to the state courts and actual prejudice to his defense at trial or on appeal, which this

Court finds he has failed to do.

Consequently, although this claim for relief is exhausted it is barred from this Court's consideration,. It follows that this claim is subject to dismissal.

In petitioner's sixth claim for relief he asserts the ineffective assistance of appellate counsel premised upon counsel's failure to argue that his trial counsel was ineffective in failing to properly handle matters pertaining to his Sixth Amendment right to a speedy trial. In addition to arguing that this claim for relief was not exhausted in the state courts but that petitioner has an available remedy in a Rule 26 delayed application to reopen the appeal, respondent further contends that petitioner is not entitled to a stay and abeyance of this habeas case while he exhausts his state court remedy so as to avoid statute of limitations problems in these proceedings because he has failed to show good cause for his failure to exhaust. Respondent urges this court to either dismiss the mixed petition, or to permit the petitioner to withdraw the unexhausted claim and to proceed on the merits of those claims which have been exhausted.

The option of ordering a stay and abeyance of federal habeas proceedings so that a petitioner can exhaust state court remedies on a claim may only be used in limited circumstances so as to avoid undermining the stated purpose in AEDPA of encouraging finality and streamlining federal habeas proceedings. <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005). Consequently, a federal court may stay a mixed petition so as to have the petitioner promptly exhaust state remedies when: (1) the petitioner demonstrates good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory tactics. <u>Ibid</u>. If those conditions are not met and a stay is not imposed, then a petitioner must be permitted to delete the unexhausted claim(s) from the petition and to proceed with the exhausted claims,

particularly where dismissal of the entire petition without prejudice would unreasonably hinder the petitioner's ability to obtain federal relief. Ibid.

In the present case the petitioner has failed to demonstrate good cause for the failure to exhaust state court remedies on his claim of ineffective assistance of appellate counsel, arguing instead at page 5 of his brief in opposition to respondent's motion to dismiss that he had not sought a stay of these proceedings and was not required to do so. Absent such a showing, a stay and abeyance would not be appropriate. Despite the fact that petitioner has not sought a stay, this Court recommends that petitioner be granted the opportunity to amend his petition to delete his unexhausted sixth claim for relief.[3] If petitioner fails to amend his petition in accordance with the foregoing, the petition should be dismissed without prejudice as unexhausted.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: February 12, 2008

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3] Petitioner's fifth claim for relief is barred from this Court's consideration and, therefore, should be dismissed.